143 So.2d 700 (1962)
Herbert Lee COLLINS, Appellant,
v.
STATE of Florida, Appellee.
No. 2715.
District Court of Appeal of Florida. Second District.
August 1, 1962.
Rehearing Denied September 5, 1962.
*701 Hal S. Ives of Ives & Davis, West Palm Beach, for appellant.
Richard W. Ervin, Atty. Gen., Tallahassee, Herbert P. Benn, Asst. Atty. Gen., Miami, for appellee.
SMITH, Judge.
This appeal involves questions of arrest, search and seizure. The trial court entered a most extensive and comprehensive order upon the defendant's motion to suppress the evidence. The order resolved the conflicts of fact, rejected some of the testimony as being unworthy of belief, and made detailed findings of fact and of law, all of which are of great assistance to this court in considering this case. We commend the trial court and heartily recommend this procedure to all other trial courts.
Two police officers of the City of West Palm Beach, William Eaton and J.R. Park, questioned Herbert Lee Collins, who was in their custody, concerning traffic in marijuana. Collins implicated Doc Bailey. The police officers are white men, Collins and Bailey are negroes. The next day, they questioned Bailey, and he informed the officers that Collins was growing marijuana. Bailey took the officers to a field outside the City limits, where they found marijuana leaves on the ground and evidence that some plants had been freshly pulled from the *702 ground. They returned to West Palm Beach, seeking Collins, and then learned that he was in a motel in Riviera Beach, a municipality adjoining the City of West Palm Beach. These three then proceeded to the motel in Riviera Beach, obtained Collins' room number, proceeded to that room and knocked on the door. Collins peeped through the window, called out, "wait a minute," and shortly thereafter he opened the door and said, "come in." The officers testified that Collins recognized them when he peeped through the window.
As the officers entered the room, they saw a stem of a marijuana plant, with a few leaves remaining, protruding from a waste basket in plain sight. They heard the toilet flushing, opened the door to the bathroom, and observed a negro woman trying to flush something down the toilet. They retrieved these items and found them to be marijuana cigarettes, leaves and seed. The officers then placed Collins under arrest and thereafter made an extensive search of the room and all of its contents. The subsequent search revealed more marijuana.
There was no request made by the officers to search the premises and there was no expressed consent to the search. Upon these facts, the court granted the motion to suppress all of the evidence seized in the motel room, except as to the marijuana stalks and leaves attached thereto, which were initially observed protruding from the waste basket. At the trial, the defendant objected to the introduction into evidence of any of the marijuana, but the court admitted the marijuana which was specifically excepted from the order of suppression. The defendant was convicted on two counts, growing marijuana and possessing marijuana, and he appeals.
The trial court concluded that since the defendant, after the knock on the door and after recognizing the officers, invited them into his motel room, the officers' presence there was lawful as private citizens; that they exerted no official pressure as in Amos v. U.S., 255 U.S. 313, 41 S.Ct. 266, 65 L.Ed. 654; and, that when they observed the marijuana in plain view, a felony was thereby being committed in their presence. Chapter 398, Florida Statutes, F.S.A. It was then concluded that a crime is committed in one's presence when he gains knowledge of it through the use of his senses, together with knowledge already possessed by him, McBride v. U.S., 5 Cir., 284 F. 416, as by the sense of sight, Johnson v. State, 1946, 157 Fla. 685, 27 So.2d 276; that the arrest which they made, based upon this felony, was therefore a lawful citizens arrest; that when a private citizen makes an arrest for a felony committed in his presence, he has the same right to make a search incident thereto as an officer has under the same circumstances, 6 C.J.S. Arrest § 18, p. 621; Agnello v. U.S., 2 Cir., 290 F. 671, 269 U.S. 20, 46 S.Ct. 4, 70 L.Ed. 145; and further, that the seizure of the marijuana which was in plain view was incident to the lawful arrest. Brown v. State, Fla. 1950, 46 So.2d 479; Turner v. State, Fla. 1954, 74 So.2d 891; Pegueno v. State, Fla. 1956, 85 So.2d 600.
Traffic in narcotics is one of the most heinous crimes in our modern society and the apprehension and punishment of those involved therein should not be thwarted except where the preservation of the constitutional rights of American citizens clearly requires it. The right of citizens to be secure from illegal search and seizure and to be free from the necessity of giving evidence against themselves as guaranteed by the Fourth and Fifth Amendments of the Federal Constitution and by Section 12 and Section 22 of the Declaration of Rights of the Florida Constitution, F.S.A. is inalienable and must be protected at the risk that an individual criminal may go without punishment. De Lancy v. City of Miami, Fla. 1950, 43 So.2d 856, 14 A.L.R. 2d 602; Borrego v. State, Fla. 1952, 62 So.2d 43.
We agree with the conclusions of the trial court that when the police officers *703 departed from the City of West Palm Beach they thereby left their jurisdiction; that they had no authority or power as police officers in the City of Riviera Beach; and that their actions must be sustained, if at all, as actions of private citizens. It is likewise true that police officers outside their jurisdictional territory may make an arrest as private persons where a private person could lawfully make an arrest. 6 C.J.S. Arrest § 18, pp. 609-611; Wharton's Criminal Law and Procedure, Volume 4, § 1614, p. 277. A private citizen does have the common law right to arrest a person who commits a felony in his presence, or to arrest a person where a felony has been committed, and where the arresting citizen has probable cause to believe, and does believe, the person arrested to be guilty. Even though there was time to obtain a warrant, a private citizen may make such an arrest and justify his failure to obtain a warrant by proving the person arrested was actually guilty of the felony. Dorsey v. U.S., 5 Cir., 174 F.2d 899, cert. denied, 338 U.S. 950, 70 S.Ct. 479, 94 L.Ed. 586; 340 U.S. 878, 71 S.Ct. 116, 95 L.Ed. 639.
The actions of the police officers, which culminated in the arrest, search and seizure, extended over a period of two days. All of these actions, while in the City of West Palm Beach, were consistent with their duties and under their power and authority as police officers. Their previous interrogations with Collins had been as police officers, and their presence at the door of the motel room, in the uniform signifying their official position as police officers, was a part of their continuing investigation begun as police officers. They were acting under color of their office. We conclude that Collins admitted them to the motel room by virtue of the force and effect of their official position as police officers. He did not admit them as private citizens. An officer gaining access to private living quarters under color of his office and of the law which he personifies must then have some valid basis in law for the intrusion. Any other rule would undermine "the right of the people to be secure in their persons, houses, papers and effects," and would obliterate one of the most fundamental distinctions between our form of government, where officers are under the law, and the police-state where they are the law. See Dunnavant v. State, Fla. 1950, 46 So.2d 871; and Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436.
Reversed.
SHANNON, C.J., and WILLSON, J.H., Associate Judge, concur.