330 So.2d 169 (1976)
STATE of Florida, Appellant,
v.
Henry JIMERSON, Appellee.
No. 75-1692.
District Court of Appeal of Florida, Fourth District.
April 2, 1976.
Rehearing Denied May 5, 1976.
Barry E. Krischer, Asst. State's Atty., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and James R. Merola, Sp. Asst. Public Defender, West Palm Beach, for appellee.
PER CURIAM.
AFFIRMED.
WALDEN, C.J., and OWEN, J., concur.
MAGER, J., dissents, with opinion.
MAGER, Judge (dissenting).
With all due respect for the trial court and this court, I must dissent.
Oftentimes the conscientious efforts of law enforcement officers in furtherance of their peacekeeping functions conflict with the rights guaranteed by the Florida and U.S. Constitutions. In such cases the conflict must be resolved in favor of recognition *170 of the constitutional guarantees. However, in the instant situation I am unable to find any such conflict. Consequently, it is my opinion that the trial court was in error in suppressing certain tangible evidence and defendant's confession on the basis of having been obtained as a result of an illegal arrest.
The facts in this record adequately support a valid citizen's arrest within the limitations of Collins v. State, 143 So.2d 700 (Fla.App.2d 1962); see also Marden v. State, 203 So.2d 638 (Fla.App.3d 1967). Here, a Riviera Beach policeman was investigating a break-in of a van truck from which an electric drill and screw-gun had been removed. The van was parked across the street from the home of the defendant with whose background the policeman was familiar. The victim advised the policeman that a man wearing a red tee-shirt had approached his van prior to the crime and had tried to sell him a rod and reel. The policeman proceeded to the nearest pawnshop located in the City of Lake Park and advised the proprietor to be on the lookout for a drill and a screw-gun. While at the pawnshop defendant, wearing a red shirt, and one Cowart who was carrying a paper bag and a rod and reel, walked in and began a conversation with the proprietor. During this encounter the proprietor looked into the paper bag and was overheard to say, "No, I can't take these drills". At that point the policeman showed Cowart his badge, told him and the defendant to wait and proceeded to look into the paper bag discovering the drill and screw-gun. Thereafter, he called the owner of the van to identify the items. Defendant and Cowart were taken into custody, booked at the Riviera Beach police station, interrogated and subsequently the defendant confessed to breaking into the van and taking the tools.
Both Collins v. State and Marden v. State, supra, stand for the proposition that while police officers have no power or authority as police officers beyond the limits of the territorial jurisdiction of the municipality these cases clearly recognize, as does the common law, "that police officers outside the jurisdictional territory may make an arrest as private persons where a private person could lawfully make an arrest". As particularly pointed out in Collins v. State, supra, at page 703:
"... A private citizen does have the common law right to arrest a person who commits a felony in his presence, or to arrest a person where a felony has been committed, and where the arresting citizen has probable cause to believe, and does believe, the person arrested to be guilty. Even though there was time to obtain a warrant, a private citizen may make such an arrest and justify his failure to obtain a warrant by proving the person arrested was actually guilty of the felony... ." (Emphasis added.)
Clearly, under the particular facts of this case, as distinguished from Collins v. State, the action of the police officer in making the arrest in question was justified as one made in his capacity as a private citizen. Marden v. State, supra. With all due respect, it is inconceivable to me under these circumstances that a police officer, because he was a police officer, lacked the power of an ordinary citizen; and that the police officer either should have refrained from taking any action or resorted to calling the Lake Park police during all of which time the defendants would assumedly have calmly stood waiting. United States v. Montos, 421 F.2d 215 (5 Cir.1970), cert. den. 397 U.S. 1022, 90 S.Ct. 1262, 25 L.Ed.2d 532; United States v. Chapman, 420 F.2d 925 (5 Cir.1969).
Apart from the foregoing is the additional proposition that defendant lacked the standing to object to property seized from the paper bag held by Cowart; absent such lawful standing he could not object to the search or suppress the evidence discovered thereby. Moore v. Wainwright, 248 So.2d 262 (Fla.App. 1st 1971); Alderman v. *171 United States, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969).
The totality of the foregoing circumstances compellingly support a reversal and I therefore must respectfully dissent from an affirmance.