337 So.2d 1007 (1976)
Irwin BRENNER and Daniel Akins, Appellants,
v.
STATE of Florida, Appellee.
No. 75-1356.
District Court of Appeal of Florida, Third District.
September 14, 1976.
*1008 Lurie & Capuano, Miami, and Jack R. Nageley, Miami Beach, for appellants.
Robert L. Shevin, Atty. Gen., and Ira N. Loewy, Asst. Atty. Gen., for appellee.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Defendants, Irwin Brenner and Daniel Akins, appeal their judgments of conviction and sentences for (1) aiding or assisting in conducting a lottery, and (2) possession of lottery paraphernalia. The relevant facts giving rise to this appeal are as follows:
On December 3, 1974 the City of Miami police began an investigation into illegal gambling operations and defendants along with six other persons were placed under surveillance. Upon concluding the investigation, the police prepared warrants to search the homes and automobiles of the eight suspects and on February 24, 1975 submitted these warrants along with 12 lengthy affidavits to Judge Weaver who issued the search warrants. As a result, defendants were arrested and charged with (1) aiding in conducting a lottery, (2) possession of lottery tickets, and (3) possession of lottery paraphernalia. Defendants pled not guilty and moved to quash the search warrants and suppress the evidence seized. When their motion was denied, they entered into plea negotiations. In exchange for the court's acceptance of their pleas of nolo contendere, the State abandoned count 2 of the information and the court adjudicated defendants guilty on counts 1 and 3. As to count 1, defendants were sentenced to five years imprisonment (with three years being withheld) and at the completion of two years, to be placed on probation. As a special condition of probation defendants agreed to pay their proportional share of the investigative cost incurred by the police. Sentencing as to count 3 was stayed and withheld. This appeal followed.
Defendants first contend that the court erred in denying their motion to quash the search warrants and suppress the evidence because (1) the issuing judge failed to make an independent determination of probable cause as there was no showing that he examined each of the affidavits separately, and (2) part of the investigation was carried on outside the limits of the City of Miami. We cannot agree.
First, there is a presumption that officials properly perform their required *1009 duties. Purdy v. Mulkey, 228 So.2d 132 (Fla.3d DCA 1969); Jones v. State, 296 So.2d 519 (Fla.3d DCA 1974). The search warrants Judge Weaver signed clearly state that he found probable cause for their issuance. All the affidavits being identical and containing sufficient facts to justify a finding of probable cause, defendants have failed to overcome the presumption of the proper performance. Second, a trial court's ruling on a motion to suppress comes to this court with a presumption of correctness and in testing the accuracy of the trial court's conclusion, we should interpret the evidence and all reasonable inferences and deductions capable therefrom in a light most favorable to sustain these conclusions. Cameron v. State, 112 So.2d 864 (Fla. 1st DCA 1959); Rodriguez v. State, 189 So.2d 656 (Fla.3d DCA 1966); Wigfall v. State, 323 So.2d 587 (Fla.3d DCA 1975). Guided by this principle of law, we find no error on the part of the trial judge in denying the motion to suppress.
As to the argument that part of the investigation was improperly conducted by the Miami police outside the City of Miami limits, only part of their surveillance took place outside the city limits, and no actions against the defendants was taken outside the jurisdiction of the City of Miami. Therefore, the search warrants would not be invalid. Cf. Collins v. State, 143 So.2d 700 (Fla.2d DCA 1962).
Defendants next urge as reversible error the assessing of costs against them based upon the City of Miami's cost of the investigation.
The record clearly demonstrates that defendants entered into plea negotiations and freely agreed to pay their prorata share of the cost of the investigation as a condition of probation. Having consented to this arrangement, defendants will not be permitted to renege on their agreement.
In addition, Section 948.03, Florida Statutes is sufficiently broad to allow for the imposition of intermittent imprisonment and payment of a fine as conditions of probation. State v. Williams, 237 So.2d 69 (Fla.2d DCA 1970); Brown v. State, 302 So.2d 430 (Fla. 4th DCA 1974); Gryca v. State, 315 So.2d 221 (Fla. 1st DCA 1975). We find the assessment against the defendants of their prorata share of the investigative costs as constitutionally permissible and enforceable in that defendants do not argue that they are insolvent. See Gryca, supra, at 223. Thus, this contention of defendants must fail.
Defendants third and final point that their sentences as to count 1 takes away their rights and the prerogative of the probation board to decrease the two year incarceration is without merit. See Section 948.01(4), Florida Statutes.
Judgments and sentences affirmed.