PER CURIAM.
The single issue presented upon this appeal is whether the trial judge erroneously denied defendant’s motion to suppress the physical evidence. There were three searches: (1) of defendant’s automobile at the time of his arrest, (2) of defendant’s automobile at the police garage pursuant to a search warrant, and (3) of defendant’s residence pursuant to a search warrant. Defendant attacks the validity of the search warrants upon the ground that the affidavits do not show probable cause. We hold that in each case, the affidavit contains sufficient facts to show probable cause. See the principles of law in Brenner v. State, 337 So.2d 1007, 1008-1009 (Fla. 3d DCA 1976).
Defendant does not question the legality of his arrest. The initial warrantless search at the time of his arrest, when contraband was seen but not removed, was a legal search pursuant to defendant’s arrest and was necessary for an inventory incident to the impoundment of defendant’s automobile. See Waterhouse v. State, 256 So.2d 397 (Fla. 3d DCA 1972); and Gagnon v. State, 212 So.2d 337 (Fla. 3d DCA 1968).
Affirmed.