455 So.2d 1024 (1984)
Michael Harrison PHOENIX, Steven Michael Trusz, Morton Neal Hall, Jr., and Richard Hale, Petitioners,
v.
STATE of Florida, Respondent.
No. 63535.
Supreme Court of Florida.
June 21, 1984.
Rehearing Denied October 15, 1984.
Max P. Engel of the Law Offices of Max P. Engel, Miami, for petitioners.
Jim Smith, Atty. Gen. and Marlyn J. Altman, Asst. Atty. Gen., West Palm Beach, for respondent.
BOYD, Justice.
We have for review a decision of a district court of appeal, State v. Phoenix, 428 So.2d 262 (Fla. 4th DCA 1982), certified by that court as involving a question of great public importance. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. The certified question concerns the scope of the authority of law enforcement officers to conduct citizen's arrests. We approve the decision below which held that a sheriff and sheriff's deputies can make a valid arrest outside their jurisdiction even though they have used their police car and have identified themselves as police officers when making the arrest.
This case involves the arrest of petitioners in St. Lucie County by the sheriff and deputies of Martin County. On June 23, 1979, at about 1:00 a.m., an officer of the Martin County sheriff's office saw some gasoline cans in the back of a camper-covered pickup truck. Upon hearing the report of this observation, the sheriff of Martin County ordered officers to follow the truck. An officer in a surveillance airplane saw the truck enter St. Lucie County, but then lost sight of it. The sheriff and officers of Martin County entered St. Lucie County where they observed a fence gate upon which a chain had been cut and a new lock affixed. The gate was located at the entrance to a ranch which the officers suspected was possibly being used as an airstrip. The sheriff and deputies waited there until around 6:00 a.m., when the surveillance pilot reported seeing an aircraft and two camper-top pickup trucks (but not the one that had aroused suspicion) on the ranch grounds. The Martin County sheriff then notified the sheriff of St. Lucie County of the suspected activity. The two pickup trucks were then observed departing the ranch; one moved north in St. Lucie County while the other proceeded south into Martin County. The Martin County sheriff and a deputy stopped the north-bound truck in St. Lucie County and, guns drawn and blue lights flashing, arrested the occupants. They discovered marijuana in the truck. The passengers of the south-bound *1025 truck were arrested in Martin County.
The petitioners were charged with trafficking in marijuana. They moved to suppress the evidence. The trial judge ruled that the stop and search of the truck in St. Lucie County, having been carried out by the sheriff of Martin County "under color of office" outside his jurisdiction, were unlawful. The evidence found in the truck, along with evidence from the other truck and from the aircraft, and an incriminating statement, were suppressed.
The district court of appeal reversed. Although agreeing with the trial court that the officers had no official authority to stop and arrest the defendants in St. Lucie County, the district court reasoned that the officers might have properly conducted a common-law citizen's arrest. On motion for rehearing, the district court certified the following question to be of great public importance:
Can an arrest be validated as a "citizen's arrest"
(1) if the arrest resulted from an intentional surveillance conducted by police officers outside their jurisdiction utilizing a police aircraft and officers on the ground and,
(2) if the police officers used a marked police car and asserted their official position in stopping the arrestees?
428 So.2d at 267. We answer the questions in the affirmative.
At common law, a private citizen could make an arrest without a warrant in certain specific circumstances:
A private citizen does have the common law right to arrest a person who commits a felony in his presence, or to arrest a person where a felony has been committed, and where the arresting citizen has probable cause to believe, and does believe, the person arrested to be guilty. Even though there was time to obtain a warrant, a private citizen may make such an arrest and justify his failure to obtain a warrant by proving the person arrested was actually guilty of a felony.
Collins v. State, 143 So.2d 700, 703 (Fla. 2d DCA), cert. denied, 148 So.2d 280 (Fla. 1962). See also State v. Shipman, 370 So.2d 1195 (Fla. 4th DCA 1979), cert. denied, 381 So.2d 769 (Fla. 1980).
Common sense dictates that law enforcement officials, when they are outside their jurisdictions, should not be any less capable, by virtue of their position, of making a felony arrest than a private citizen. But because there are jurisdictional limitations on law enforcement officials' ability to make arrests, neither should they have any greater power of arrest outside their jurisdiction than private citizens. Schachter v. State, 338 So.2d 269 (Fla. 3d DCA 1976); State v. Crum, 323 So.2d 673 (Fla. 3d DCA 1975).
To prevent law enforcement officials from misusing the powers of their office in making a citizen's arrest, the courts of this state have held that law enforcement officials may not make a citizen's arrest under the color of their office. Unfortunately, this "under color of office" doctrine is ambiguous and has led to some inconsistent results. United States v. Ible, 630 F.2d 389 (5th Cir.1980). At least one district court of appeal has held that a police officer is acting under color of his office if he announces he is a police officer and displays his badge when making an arrest outside his jurisdiction. State v. Chapman, 376 So.2d 262 (Fla. 3d DCA 1979), cert. denied, 386 So.2d 642 (Fla. 1980). See also State v. Jimerson, 330 So.2d 169 (Fla. 4th DCA 1976). However, the majority of the courts have disagreed, holding that the "under color of office" doctrine applies only to prevent law enforcement officials from using the powers of their office to observe unlawful activity or gain access to evidence not available to a private citizen. United States v. Hernandez, 715 F.2d 548 (11th Cir.1983), cert. denied, ___ U.S. ___, 104 S.Ct. 1006, 79 L.Ed.2d 237 (1984); United States v. Ible; McAnnis v. State, 386 So.2d 1230 (Fla. 3d DCA 1980); State v. Shipman.
The district court below followed, and we approve, this latter line of cases. In applying this standard, the district court found that

*1026 the record also reveals, and the trial court did not find to the contrary, that at the time the occupants of the St. Lucie County truck were arrested, the sheriff and his officers had not asserted their official position for any purpose other than to make the arrests. The evidence upon which the arrests were based was obtained before confronting any persons in St. Lucie County and without any unlawful assertion of official authority visa-vis the occupants or a third party.
428 So.2d at 266. The district court concluded that the trial court had erred in finding that the "under color of office" doctrine applied simply because the officers had identified themselves as police officers when they made the arrest. The district court remanded for further proceedings on numerous other questions relating to the legality of the stop, the search, and the arrests, and the admissibility of the evidence derived therefrom. We approve the district court's decision and remand for further proceedings consistent with the district court's mandate.
It is so ordered.
ALDERMAN, C.J., and McDONALD, EHRLICH and SHAW, JJ., concur.
OVERTON, J., dissents.