# EDWARDS v. STATE OF FLORIDA
## Case No. 83-3 CAP
Nineteenth Judicial Circuit, Okeechobee County
September 3, 1985 .

### APPEARANCES OF COUNSEL

**Ted B. Edwards** for appellant.

**Daniel L. Vaughn** for appellee.

### REVISED OPINION*

DWIGHT L. GEIGER, Circuit Judge.

This is an appeal from a denial of a motion to suppress evidence in the County Court of Okeechobee County.

Neither appellant nor appellee has requested oral argument, and this

---

* This opinion is revised to reword and correct grammatical errors only and is filed after denial of certiorari to the Fourth District Court of Appeal.

court dispenses with oral argument under provision of Rule 9.320, Florida Rules of Appellate Procedure.

The relevant facts are as follows:

On July 22, 1983 at approximately 9:30 P.M. appellant was driving his pickup truck outside of the city limits of Okeechobee City on Highway 710 when Kelley Ammons, a policeman for the City of Okeechobee, and Grant Ridgeway, an auxiliary policeman for the City, drove up behind appellant in Ridgeway's civilian van. Ammons and Ridgeway followed appellant's truck for at least five miles and observed him driving erratically and crossing over the road's centerline several times.

Concerned for the safety of appellant and other drivers, Ammons signalled the appellant to pull over and stop. Appellant narrowly missed hitting a bridge before coming to a halt. The appellant testified that he stopped his truck because he noticed a blue light emanating from within the van behind him. Both Ammons and Ridgeway testified that they at no time utilized any blue light to affect the stop.

After emerging from the van, Ammons approached appellant and identified himself as an off-duty municipal policeman. Ammons wore no uniform or badge, and he carried no weapons or handcuffs. Ammons did not search appellant or his truck. He examined appellant's driver's license but did not formally arrest appellant or administer any roadside sobriety tests. Appellant admitted that he had had too much to drink.

Ridgeway then left Ammons and appellant and telephoned the Florida Highway Patrol and apprised them of the situation. A patrolman arrived approximately thirty minutes later and administered roadside sobriety tests. Appellant failed the tests and was transported by the trooper to the Okeechobee County Jail. There appellant took and failed the breathalyzer test.

At all times relevant to this appeal, Ammons was an off-duty municipal policeman acting outside of his official jurisdiction.

Appellant moved to suppress the introduction of all evidence by the state that suggests that appellant was intoxicated to the extent his normal faculties were impaired at the time of his arrest, including all inculpatory statements made by appellant, the appellant's breathalyzer test results, the results of all sobriety tests performed by appellant and all probative testimony concerning appellant's appearance after he was initially stopped. The County Court denied the motion, and appellant entered a plea of no contest to the charge of unlawful blood alchol level, reserving the right to appeal the denial of his motion to suppress.

100

Appellant's first point on appeal is that the trial court improperly denied his motion to suppress because Ammons violated the "under color of office" doctrine by identifying himself as a police officer in arresting appellant while the officer was outside of his official jurisdiction.

The exclusionary doctrine of "under color of office" applies only when a police officer, who is acting without his territorial jurisdiction, uses the special powers of his office which are not available to a private citizen to observe unlawful activity or gain access to evidence. See *Phoenix v. State*, 455 So.2d 1024 (Fla. 1984).

There are no facts here that Ammons in any fashion employed any special police powers in arresting appellant, and appellant's argument on the contention that Ammons' conduct violated the "under color of office" doctrine fails.

Appellant's second point on appeal is that the officer did not possess any common law right to arrest appellant since there was no probable cause to believe appellant was guilty of committing a felony.

Any citizen (including a police officer) may arrest for a misdemeanor committed in his presence if that offense constitutes a breach of the peace. See *Struman v. City of Golden Beach*, 355 So.2d 453 (Fla. 3rd DCA 1978). The facts of the instant case clearly indicate the appellant's conduct posed a threat to himself and other motorists and pedestrians and thus constituted a breach of the peace and that Ammons was justified as a private citizen in arresting appellant. Appellant's second contention thus also fails.

Having determined that appellant has demonstrated no reversible error, the order appealed is AFFIRMED.