PER CURIAM.
The order granting the defendant’s motion to suppress is reversed in all respects because it is bottomed on a factual finding unsupported by the evidence, namely, that the defendant was detained by the officer who eventually arrested him before the officer confirmed that a burglary had actually been committed. The record indisputably reveals that the initial encounter between the officer and the defendant was not a stop or detention and thus did not implicate any Fourth Amendment rights, and that when the officer later detained the defendant, he knew that, in fact, a nearby residence had been burglarized and had probable cause to believe that the defendant was guilty of burglarizing it. See State v. Varnedoe, 443 So.2d 201 (Fla. 3d DCA 1983); Cross v. State, 432 So.2d 780 (Fla. 3d DCA 1983); McKee v. State, 430 So.2d 983 (Fla. 3d DCA), pet. for review denied, 437 So.2d 677 (Fla.1983). Since the arrest met the standards of a valid citizen’s arrest, see Phoenix v. State, 455 So.2d 1024 (Fla.1984); Collins v. State, 143 So.2d 700 (Fla. 2d DCA), cert. denied, 148 So.2d 280 (Fla.1962), it is irrelevant that the arrest was effected outside of the officer’s jurisdiction. This determination makes it unnecessary for us to consider the State’s alternative argument that, in light of a trail of other evidence, the seizures complained of would have inevitably been accomplished in a lawful manner by officers operating without any jurisdictional impediment.
Reversed and remanded for further proceedings.