DOWNEY, Judge.
The State of Florida appeals from an order suppressing evidence because it was obtained by City of Hollywood police officers as a result of an arrest outside their jurisdiction in the City of Dania.
As a result of an ongoing undercover investigation, City of Hollywood police officers were able, on several occasions, to buy packets of cocaine from appellee, Ballard. This led to the planning of a cocaine deal at Ballard’s home in Dania on November 23, 1984. The Hollywood officers notified City of Dania Detective Rickmeyer of the planned affair. On the date in question, the two undercover Hollywood officers arrived at Ballard’s home after other officers and Rickmeyer were in place surveilling the house. When the deal took place in the house, upon signal from one of the undercover agents inside, the surveillance unit converged and arrested appellees.
After being charged with trafficking, conspiracy to traffic and possession of cocaine, appellants moved to suppress the evidence. The trial judge granted the motion on the grounds that the arresting officers had no jurisdiction to act at the location of the arrest, and that they were Hollywood officers not in fresh pursuit making an arrest in Dania under color of office.
The record presented does not support the trial judge’s conclusions. True, we are dealing with an arrest in Dania by Hollywood police officers who were not in fresh pursuit. However, as held in Phoenix v. State, 455 So.2d 1024 (Fla.1984), a police officer is entitled to make a citizen’s arrest in another jurisdiction where a felony is committed in his presence or where he knows a felony has been committed and has probable cause to believe, and does believe, that the person arrested perpetrated the felony. The only limitation on that rule, which was not present in this case, is that the officer must not use the power of his office to observe criminal activity or to gain access to evidence not available to a private citizen; i.e., he must not be acting under color of his office.
Accordingly, upon authority of Phoenix the order of suppression appealed from is reversed.
LETTS and WALDEN, JJ., concur.