LEHAN, Judge.
We affirm defendant’s convictions for extortion, criminal mischief, and arson. We reverse his departure sentence and remand for resentencing.
As his first contention, defendant argues that the trial court erred in denying his motion to suppress evidence produced from a search because the City of Temple Terrace officer who arrested defendant before the search did so outside of that city’s boundaries. There is no question that the officer had not been in hot pursuit of defendant.
While defendant recognizes that an officer acting outside of his geographical jurisdiction may make a citizen’s arrest, he argues that the officer in this case was not making a proper citizen’s arrest but was acting "under color of office” because he arrested defendant pursuant to a warrant. Citing Phoenix v. State, 455 So.2d 1024 (Fla.1984), defendant argues that an officer may not make an arrest while acting under the color of his office outside of his geographical jurisdiction. However, the fact that the arrest of defendant was made pursuant to a warrant did not, we conclude, run afoul of the proscription of Phoenix which was only that an officer may not use the color of his office outside of his geographical jurisdiction “to observe unlawful activity or gain access to evidence not available to a private citizen.” Id. at 1025.
The purpose of that Phoenix proscription was to ensure that officers located outside of their geographical jurisdictions are on equal footings with private citizens in making arrests. While they should not have any greater power of arrest outside their jurisdictions than do private citizens, neither should they have any less such power. Id. Phoenix, quoting from Collins v. State, 143 So.2d 700, 703 (Fla. 2d DCA), cert. denied, 148 So.2d 280 (Fla.1962), points out that at common law a private citizen could make an arrest with probable cause without a warrant as well as with a warrant. Id. In this case the officer may be considered to have properly in effect made either a citizen’s arrest with a warrant or a citizen’s arrest based upon probable cause represented by a warrant.
Phoenix indicates its disagreement with State v. Chapman, 376 So.2d 262 (Fla. 3d DCA 1979), cert. denied, 386 So.2d 642 (Fla.1980), in which the Third District Court of Appeal had held that “a police officer is acting under color of his office if he announces he is a police officer and displays his badge when making an arrest outside his jurisdiction,” 455 So.2d at 1024. Also, Phoenix approves the district court of appeal’s determination in that case that officers who made an arrest in an area outside of their geographical jurisdiction based upon evidence they did not obtain there were not acting improperly under the color of their office. 455 So.2d at 1026. Accordingly, the mere fact that an officer acts like a police officer in making an arrest outside of his geographical jurisdiction does not *778 mean that he is improperly acting under the color of his office.
Thus, the search by the Temple Terrace officer in this case was a valid search incident to a valid arrest. See New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). We have disregarded as unnecessary to our determination the state’s additional arguments, including the arguments that there was no actual search and that, even if there was, defendant had no standing to object to it.
We find no merit in defendant’s additional contentions that his incriminating statements to the arresting officer, certain testimony of one of the victims, and evidence of his domestic violence were improperly admitted into evidence and that the evidence was insufficient to support his conviction for extortion.
However, we agree with defendant’s argument that his sentence should be reversed because the trial court improperly departed upward from the guidelines recommended sentencing range. Defendant argues that the departure order was not filed contemporaneously at sentencing, as required by Ree v. State, No. 71,424 (Fla. Nov. 16, 1989) [14 FLW 565] (pending on rehearing). But we need not address that argument as we conclude that the sentence was improper for other reasons he also argues, as we will explain.
Defendant’s crimes took place before the effective date of the amendment to section 921.001(5), Florida Statutes (1989). Thus, he is entitled to appellate review of his departure sentence pursuant to Albritton v. State, 476 So.2d 158 (Fla.1985): State v. McGriff, 537 So.2d 107 (Fla.1989). Albritton requires remand for resentenc-ing if an appellate court, when reviewing a departure order containing both valid and invalid reasons, cannot conclude beyond a reasonable doubt that the defendant would have received the departure sentence absent the invalid reasons.
In this case we conclude that the first reason given by the trial court for departure was valid and supported by the record but that the second and third reasons were not.
The first reason for the departure was that defendant’s criminal record demonstrated “an escalation from crimes against property to violent crimes against persons.” This reason is valid. Keys v. State, 500 So.2d 134 (Fla.1986). While defendant contends that his record fails to support this reason, his record includes prior crimes against property and arson under section 806.01, Florida Statutes (1985), may properly be considered as a crime of violence against persons as well as property.
The second departure reason was defendant’s “flagrant disregard for the safety of others ... [:] starting a fire at night when the four occupants (including a small child and elderly woman) ... were asleep.” This reason by its own terms was concerned with the danger posed only to the victims, not others. Thus, Rey v. State, 509 So.2d 1332 (Fla. 3d DCA 1987), relied upon by the trial court, is distinguishable and this reason for departure cannot stand.
The third and last reason was that the totality of defendant’s conduct “can only be described as terrorism.” This reason appears to encompass no more than the crimes for which defendant was convicted in this case which were already factored into the scoresheet. As such, they cannot be used again as a reason to depart. State v. Mischler, 488 So.2d 523, 525 (Fla.1986).
We cannot conclude beyond a reasonable doubt that, absent the invalid reasons, defendant would have received the same sentence. Thus, we reverse the sentence and remand for resentencing.
The convictions are affirmed. The sentence is reversed and the cause is remanded for resentencing.
SCHOONOVER, A.C.J., and FRANK, J., concur.