Mr. Robert R. Crittenden City Attorney City of Lake Alfred Post Office Drawer 152 Winter Haven, Florida 33882-0152
Dear Mr. Crittenden:
The Lake Alfred Police Department has asked for my opinion on the following question:
Is a Lake Alfred Police Officer authorized to arrest an individual found committing a crime on property owned by the municipality which is located outside the city limits?
In sum:
A municipal police officer has no official authority to arrest an individual who is committing a crime on municipal property owned by the city but outside the corporate boundaries of the municipality except in fresh pursuit.
You have advised this office that the City of Lake Alfred has recently purchased a tract of land upon which it plans to con-struct a waste water treatment plant. This property, while in the same county as the city, is not within the municipal boundaries.
Pursuant to s. 2(c), Art. VIII, State Const., the "exercise of extra-territorial powers by municipalities shall be as provided by general or special law."
The constitutional provision is implemented by s. 166.021(3)(a), F.S., which provides that:
The Legislature recognizes that pursuant to the grant of power set forth in s. 2(b), Art. VIII of the State Constitution, the legislative body of each municipality has the power to enact legislation concerning any subject matter upon which the state Legislature may act, except: (a) The subjects of annexation, merger, and exercise of extraterritorial power, which require general or special law pursuant to s. 2(c), Art. VIII of the State Constitution[.]
Generally, the powers of a municipal corporation cease at the municipal boundaries and cannot, without a plain manifestation of legislative intention, be exercised beyond the municipality's limits even though it may have acquired property outside of its geographical limits.[1]
Similarly, it is the general rule that the police power of a municipal corporation is coextensive with the corporation boundaries, and the boundaries mark the limit for the exercise of the police power by the corporation.[2]
While you have not advised me of the legal authority under which the city has acquired extraterritorial property for a waste water treatment plant, I would note that statutory provisions do exist authorizing municipalities to extend and execute their corporate powers for municipal public works outside the corporate limits of such municipalities.[3]
However, the legislative authorization to acquire and operate public improvements and facilities beyond the corporate munici-pal boundaries and within another governmental unit does not carry with it the right or power to exercise governmental or sovereign powers over such property, public improvements, or facilities. Further, such authorization does not include the right or authority to exercise any police power over such property or facility beyond the municipal boundaries.[4] Any extra-territorial governmental or public powers must be expressly and specifically granted by statute. The Legislature may expressly grant to municipal corporations the right to exercise police power beyond the municipal boundaries, but such statutes must be strictly construed.[5]
I am not aware of nor have you called to my attention any statute or other authority which would authorize the City of Lake Alfred to exercise its police powers extraterritorially on municipal property which is outside the corporate limits of the city.[6]
In AGO 71-72 this office concluded that a municipal police officer has no official authority outside the corporate limits of this city to conduct a criminal investigation, except as he or she works in partnership with a law enforcement agency having jurisdiction of the subject and place. As that opinion points out, a police officer, on leaving the city where he or she is employed, has no authority or power as a police officer in any part of the state which is outside the corporate limits of the city where he or she is employed; the officer's actions must be sustained, if at all, as the actions of a private citizen.[7]
The exception to this rule is contained in s. 901.25, F.S., which provides that:
Any duly authorized state, county, or municipal arresting officer is authorized to arrest a person outside his jurisdiction when in fresh pursuit. Such officer shall have the same authority to arrest and hold such person in custody outside his jurisdiction, subject to the limitations hereafter set forth, as has any authorized arresting state, county, or municipal officer of this state to arrest and hold in custody a person not arrested in fresh pursuit.[8]
This statute permits a municipal police officer to make a fresh pursuit arrest for the commission of certain offenses from within the municipality to any point in the state and to make the arrest in his official capacity as a peace officer.[9]
Thus, as qualified by s. 901.25, F.S., a police officer, on departing from the city where he or she is employed (except in fresh pursuit), has no authority or power as a police officer in any part of the county outside the corporate limits of the city where he or she is employed.
Therefore, it is my opinion that a Lake Alfred Police Officer has no official authority to arrest an individual found committing a crime on municipal property owned by the city which is outside the corporate boundaries of the city unless such an arrest is made in fresh pursuit pursuant to s. 901.25, F.S.
Sincerely,
Robert A. Butterworth Attorney General RAB/tgh
[1] See, 62 C.J.S. Municipal Corporations s. 141.
[2] Id.; and see, Ramer v. State, 530 So.2d 915 (Fla. 1988) (city police officer lacked authority to seize vehicle on private property outside city limits).
[3] See, s. 180.02(2), F.S.
[4] Attorney General Opinion 73-243 (city is empowered under its charter and Ch. 418, F.S., to acquire or to lease lands outside its corporate municipal boundaries and located in another county for the purpose of a municipal park or recreational park purposes and to expend municipal funds as are reasonably necessary to maintain and operate the park or recreational facility; the powers granted to the municipality do not permit the policing of the recreational facility when the facility is located out-side of the corporate municipal limits, without explicit statutory authorization); AGO 81-90 (while municipal police officers may make a fresh pursuit arrest outside of the munici-pal boundaries in their official capacity as peace officers for a violation of a municipal ordinance or for the commission of a felony or misdemeanor, such officers are not authorized by s. 901.25, F.S., to make such a fresh pursuit arrest for those violations of Ch. 316, F.S., which have not been classified as criminal violations or adopted as municipal ordinances pursuant to s. 316.008, F.S.); and AGO 82-38 (city has authority under statute to adopt rules, regulations, and ordinances governing its airport property which lies partially in county; airport guards or airport police, not the police chief of city, have authority to enforce ordinances, which may have been passed under s. 332.08[2][a], F.S., within the bounds of the city airport, including that portion thereof which lies in county).
[5] See, AGO 73-243, and see generally, 62 C.J.S. Municipal Corporations s. 141.
[6] Cf., Part I, Ch. 23, F.S., the "Florida Mutual Aid Act," which authorizes law enforcement agencies to enter into agreements to cooperate and assist one another across jurisdictional lines.
[7] And see, Collins v. State, 143 So.2d 700
(2 D.C.A. Fla., 1962), cert. denied, 148 So.2d 280 (Fla. 1962); Ramer v. State, supra at footnote 2.
[8] Section 901.25(2), F.S. And see, s. 901.25(1), F.S., which provides that "[t]he term `fresh pursuit' as used in this act shall include fresh pursuit as defined by the common law and also the pursuit of a person who has committed a felony or who is reasonably suspected of having committed a felony. It shall also include the pursuit of a person suspected of having committed a supposed felony, though no felony has actually been committed, if there is reasonable ground for believing that a felony has been committed. It shall also include the pursuit of a person who has violated a county or municipal ordinance or chapter 316 or has committed a misdemeanor."
[9] See, AGO 81-90 (while municipal police officers may make a fresh pursuit arrest outside of the municipal boundaries in