Mr. Fred Taylor Chairman Blue Lightning Strike Force 3101 Commerce Parkway Miramar, Florida 33025
Dear Mr. Taylor:
You ask substantially the following questions:
1. Does a municipal police officer, who is outside of his or her territorial jurisdiction but is operating as a specially appointed United States Customs Officer as part of the Blue Lightning Task Force, have the authority to enforce state law or local ordinances if the officer observes a violation of state law or local ordinance but there is no apparent violation of the laws enforced by United States Customs?
2. Does a municipal police officer, who is outside of his or her territorial jurisdiction but is operating as a specially appointed United States Customs Officer as part of the Blue Lightning Task Force, have the authority to enforce state law or local ordinances if the officer, while making a stop under federal authority, observes a violation of state law or local ordinance?
In sum:
1. and 2. A municipal police officer, who is outside of his or her territorial jurisdiction but is operating as a specially appointed United States Customs Officer as part of the Blue Lightning Task Force, is not authorized as a municipal police officer or member of the task force to enforce state or local law if the officer observes a violation of state law or local ordinance while making a stop under federal authority or when no violation of the laws enforced by United States Customs is observed.
As your questions are interrelated, they will be answered together.
You state that the Blue Lightning Strike Force consists of various federal, state, and local law enforcement agencies throughout the State of Florida "dedicated to combating the maritime threat of smuggling facing the Southeast United States." The Strike Force now covers the entire state.
According to your letter, law enforcement officers who successfully complete the Cross-Designation Training classes for Strike Force member agencies receive the authority to enforce United States Customs laws under the direction of the appropriate Special Agent in Charge. You have advised this office, however, that nothing in the federal grant of authority purports to grant such officers the authority to enforce state law or local ordinances. A copy of the special deputation form supplied to this office states that such officers are authorized to:
(1) carry firearms; (2) execute and serve search warrants, arrest warrants, administrative inspection warrants, subpoena, and summonses issued under the authority of the United States; (3) make arrests without warrant (A) for any offense against the United States committed in your presence, or (B) for any felony, cognizable under the laws of the United States, if you have probable cause to believe that the person to be arrested has committed or is committing a felony; (4) make seizures of property pursuant to the provisions of this subchapter; and (5) perform such other law enforcement duties as the Attorney General may designate.[1] (Emphasis supplied in original)
Article VIII, section 2(c), Florida Constitution, provides that the "exercise of extra-territorial powers by municipalities shall be as provided by general or special law."[2] The powers of a municipality, including its police powers, generally cease at the municipal boundaries and cannot, without legislative authorization, be exercised outside of the municipality's limits. It is, therefore, the general rule that the police power of a municipal corporation is coextensive with the municipality's boundaries and such boundaries mark the limit for the exercise of the police power by the municipality.[3] Thus, this office in Attorney General Opinion 71-72 concluded that a municipal police officer outside the corporate limits of the city could not conduct a criminal investigation unless such officer works in partnership with a law enforcement agency having jurisdiction of the subject and place. As that opinion recognized, a police officer has no power or authority as a police officer in any part of the state which is outside the corporate limits of the city where the officer is employed and the officer's action must be sustained, if at all, as the actions of a private citizen.
The Legislature, however, has authorized municipal law enforcement officers to exercise their powers outside of their jurisdiction under certain circumstances. For example, section 901.25, Florida Statutes, authorizes a municipal police officer to make arrests outside of the officer's jurisdiction when in fresh pursuit.[4] In addition, a municipal police officer is now authorized to patrol property and facilities which are owned by the municipality but which are outside of the municipal boundaries and "when there is probable cause to believe a person has committed or is committing a violation of state law or of a county or municipal ordinance on such property or facilities, may take the person into custody and detain him in a reasonable manner and for a reasonable time."[5]
While a municipal police officer may be deputized under federal law to operate as a specially appointed United States Customs Officer, the deputizing of such officer authorizes the officer only to enforce provisions of federal law. Thus, while such deputation permits the police officer to carry out such federal functions outside of the officer's municipality, it does not concurrently extend the officer's municipal law enforcement powers to enforce state laws and county and municipal ordinances, regardless of whether an offense is observed while the police officer is carrying out his or her federal functions.
Accordingly, I am of the opinion that a municipal police officer, who is outside of his or her territorial jurisdiction but is operating as a specially appointed United States Customs Officer as part of the Blue Lightning Task Force, is not authorized as a municipal law enforcement officer or member of the task force to enforce state law or local ordinances if the officer observes a violation of state law or local ordinance while making a stop under federal authority or when no violation of the laws enforced by United States Customs is observed.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, Public Law 99-570, Title I, Subtitle Q, s. 1869, 100 Stat.3207-55 (October 27, 1986), amending s. 508 of the Controlled Substances Act, 21 U.S.C. § 878, to authorize state or local law enforcement officers designated by the Attorney General to exercise such powers; and 28 C.F.R. s. 0.85.
[2] And see, s. 166.021(3)(a), Fla. Stat., stating that municipal home rule powers do not extend to "[t]he subjects of annexation, merger, and exercise of extraterritorial power, which require general or special law pursuant to s. 2(c), Art. VIII of the State Constitution[.]"
[3] See, e.g., Ramer v. State, 530 So.2d 915 (Fla. 1988) (city police officer lacked authority to seize vehicle on private property outside city limits); Collins v. State, 143 So.2d 700
(Fla. 2d DCA 1962), cert. denied, 148 So.2d 280 (Fla. 1962).
[4] See, s. 901.25(2), Fla. Stat., which provides:
Any duly authorized state, county, or municipal arresting officer is authorized to arrest a person outside his jurisdiction when in fresh pursuit. Such officer shall have the same authority to arrest and hold such person in custody outside his jurisdiction, subject to the limitations hereafter set forth, as has any authorized arresting state, county, or municipal officer of this state to arrest and hold in custody a person not arrested in fresh pursuit.
[5] See, s. 901.252, Fla. Stat., adopted in 1991 by Ch. 91-174, Laws of Florida. Compare, Op. Att'y Gen. Fla. 90-86 (1990), which concluded that in the absence of such legislation, a municipal police officer lacked such authority. And see, Part I, Ch. 23, Fla. Stat., the Florida Mutual Aid Act, which provides for the coordination of law enforcement planning, operations, and mutual aid across jurisdictional lines; and Ops. Att'y Gen. Fla. 72-178 (1972) and 90-84 (1990) (police officers serving outside their employers' jurisdiction pursuant to mutual aid agreement may exercise extraterritorial law enforcement power under agreement without necessity of being deputized by other jurisdiction).