852 So.2d 390 (2003)
STATE of Florida, Appellant,
v.
Robert SILLS, Appellee.
No. 4D02-2796.
District Court of Appeal of Florida, Fourth District.
August 20, 2003.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Donna L. Eng, Assistant Attorney General, West Palm Beach, for appellant.
Brian I. Simon of Brian I. Simon, P.A., Fort Lauderdale, for appellee.
OWEN, WILLIAM C., JR., Senior Judge.
The issue on the state's appeal of an order granting a motion to suppress evidence *391 is the legality of a warrantless consensual search of defendant's residence by municipal officers outside the territorial limits of their jurisdiction. We affirm on the authority of Phoenix v. State, 455 So.2d 1024 (Fla.1984).
Detective Sergeant John Leonard of the Coconut Creek Police Department lawfully arrested defendant, Robert Sills, for certain traffic offenses committed within the municipal limits of Coconut Creek. After being placed under arrest and advised as to his rights, Sills volunteered that although the vehicle contained no narcotics, he had some at his house and would be willing to accompany the officers to his house in the City of Lauderdale Lakes to recover them. Detective Leonard again advised Sills of his constitutional rights. Sills, after responding that he understood his rights and waived them, told Leonard that he had a large number of oxycodone pills at his house, that he intended selling them for a profit and that he had been on the way to retrieve the pills when he was stopped. Sills also indicated he was capable of obtaining large amounts of oxycodone and heroin from Miami and was interested in becoming a police informant.
Detective Scott of the Coconut Creek department was on the scene by that time. Although neither he nor Detective Leonard considered that any exigent circumstances existed or that the contraband described by Sills was in immediate danger of being destroyed, they nonetheless immediately transported Sills directly from the scene to his apartment located in an adjoining municipality. There, in the parking lot, the officers advised Sills of his right to require them to obtain a search warrant before making a search of his apartment. Sills signed a City of Coconut Creek waiver of search warrant form and the officers obtained his oral consent to enter and search the apartment. The officers, conscious of the potential use of Sills as a police informant and aware they might be observed by neighbors, sought to disguise the fact that Sills was then under arrest by covering his handcuffs with clothing and hiding their badges and guns. Inside, Sills directed the officers to a hidden pill bottle full of oxycodone pills which the officers seized. Then, while they were still on the premises, the officers discussed with Sills the possibility of his becoming a police informant or performing substantial assistance. Sills was charged with trafficking in oxycodone based on the contraband the officers seized from his apartment.
Sills filed a motion to suppress the physical evidence seized from his home and the statements he made to police. Two or more hearings were held from which the above facts have been gleaned. The court's finding can be summarized as follows: the Coconut Creek officers had lawfully arrested Sills in Coconut Creek for the traffic offenses and the investigation for those offenses had been completed at the scene; after Sills had been given his rights, he voluntarily stated to the officers that he had a quantity of a controlled substance at his home located outside the jurisdiction of Coconut Creek; the officers had no knowledge that, in fact, a felony had been committed but decided they would investigate; the officers were not acting as private citizens when Sills was already under arrest, in handcuffs, and transported to the premises; and, at all times after Sills had been arrested for the traffic offenses, he was in the officers' custody, including when the officers took Sills outside their jurisdiction, when they discussed with him substantial assistance and when they obtained a waiver of a search warrant. The court concluded, on the authority of Phoenix, that in obtaining consent to conduct the warrantless search of Sills' home outside their jurisdiction, the *392 officers were acting under color of office to obtain evidence not available to private citizens and, therefore, the evidence must be suppressed.
Appellate courts should accord a presumption of correctness to the trial court's rulings on motions to suppress with regard to the trial court's determination of historical facts, but should independently review mixed questions of law and fact that ultimately determine constitutional issues arising in the context of the State Constitution and Fourth and Fifth Amendments to the Federal Constitution. Blue v. State, 837 So.2d 541 (Fla. 4th DCA 2003).
Although this case is directly concerned with the validity of evidence gathering rather than the validity of Sills' arrest, its resolution is found in the case cited by the trial court, Phoenix, a case dealing with the issue of validity of arrest made by officers outside their territorial jurisdiction. In that case the court held that law enforcement officers, when they are outside their territorial jurisdictions, have the same power to make a felony arrest as that of private citizens. The court then discussed the parameters of a citizen's arrest:
At common law, a private citizen could make an arrest without a warrant in certain specific circumstances:
A private citizen does have the common law right to arrest a person who commits a felony in his presence, or to arrest a person where a felony has been committed, and where the arresting citizen has probable cause to believe, and does believe, the person arrested to be guilty. Even though there was time to obtain a warrant, a private citizen may make such an arrest and justify his failure to obtain a warrant by proving the person arrested was actually guilty of a felony.
Phoenix, 455 So.2d at 1024 (citing Collins v. State, 143 So.2d 700, 703 (Fla. 2d DCA), cert. denied, 148 So.2d 280 (Fla.1962)).
To prevent law enforcement officials from misusing the powers of their office in making a citizen's arrest, the courts of this state have held that law enforcement officials may not make a citizen's arrest under the color of their office. Id. The "under color of office" doctrine applies only to prevent law enforcement officials from using the powers of their office to observe unlawful activity or gain access to evidence not available to a private citizen. Id. Thus, the restrictions on arrest authority of law enforcement officers, while outside their jurisdictions, clearly encompassed restrictions on evidence gathering as well.
The immediate issue here, then, is whether the officers of Coconut Creek, while outside their territorial jurisdiction, used the powers of their office to gain access to evidence not available to a private citizen. In this case the evidence was obtained through a search of the defendant's residence made with his consent. Thus, the inquiry is whether the officers obtained the consent through the powers of their office, that is, under color of office.
The state contends that the court erred in concluding that the officers were acting under the color of their office when they obtained the defendant's consent to search his apartment because his admission provided them with probable cause to believe that a felony had been committed and that the defendant was guilty; ergo, they could have made a citizen's arrest of defendant. That argument seems to miss the point. The issue here is not whether Sills could have been subjected to a citizen's arrest on the basis of probable cause; rather, the issue is whether there is evidence supporting the trial court's conclusion *393 that defendant's consent to search his apartment was obtained "under color of office," that is, did the officers use the powers of their office to gain access to evidence not available to a private citizen. The trial court concluded that the officers did.
A trial court's ruling on a motion to suppress comes to this court with a presumption of correctness and in testing the accuracy of the trial court's conclusion, we should interpret the evidence and all reasonable inferences and deductions capable therefrom in a light most favorable to sustain these conclusions. Brenner v. State, 337 So.2d 1007 (Fla. 3d DCA 1976). Employing this presumption and drawing reasonable inferences from the evidence in favor of correctness, the trial court's ruling was not in error. The color of office, if not explicitly, then certainly implicitly, contributed to the officers being able to obtain the evidence that was suppressed by the trial court.
The officers took Sills outside their jurisdiction and had him execute a waiver bearing the crest of the Coconut Creek police department. In using the waiver, as well as the act of transporting him in handcuffs, they were acting under color of their office. It is certainly reasonable to believe Sills' cooperation with the officers, his volunteered information and consent to search, would not have been provided had the officers been mere private citizens; it was only in their capacity as police officers, not as private citizens, that they could hold out the prospect of performing substantial assistance or becoming a police informant whereby he could reasonably expect some leniency. The possibility of more lenient treatment for cooperating with police was the carrot that enticed Sills' actions. The trial court's conclusion that Sills' consent was given to the officers due to the color of their office is amply supported by the evidence.
The state also contends the seizure was proper and, thus, the trial court erred in granting the motion to suppress, because the subject matter of the investigation originated within the officer's jurisdiction. For this proposition the state cites State v. Price, 589 So.2d 1009 (Fla. 4th DCA 1991), rev. denied, 599 So.2d 657 (Fla.1992); Goodman v. State, 399 So.2d 1120 (Fla. 4th DCA 1981); State v. Chapman, 376 So.2d 262 (Fla. 3d DCA 1979); Parker v. State, 362 So.2d 1033 (Fla. 1st DCA 1978), cert. denied, 373 So.2d 460 (Fla.1979); and Brenner v. State, 337 So.2d 1007 (Fla. 3d DCA 1976). This line of cases does, indeed, hold that municipal police officers may conduct a lawful investigation outside their territorial jurisdiction if the subject matter of the investigation originated in their own jurisdiction. However, these cases do not support the state's argument in the instant case.
The state argues, in an effort to enlarge upon the holding of these cases, that they only require the investigation to originate within the officer's jurisdiction, whereas the cases hold that it is the subject matter of the investigation which must originate within the officer's jurisdiction. The subject matter of the investigation, as the state's brief recognizes, was the defendant's unlawful possession of oxycodone at his residence which he intended to sell for profit. While the conceptual idea to investigate came to the officers within their own jurisdiction, the subject matterthe defendant's possession of the substancewas never in their jurisdiction.
That aside, and even if it could be said that in this case the subject matter of the investigation did originate within the officers' jurisdiction, the line of cases relied upon by the state is expressly noted in *394 State v. Phoenix, 428 So.2d 262 (Fla. 4th DCA 1982), with the following caveat:
Nonetheless, the principle espoused in these cases is subject to the proviso set forth in the text of our opinion, viz., that officers who act outside their jurisdiction, but not in fresh pursuit, may investigate and gather evidence only through the use of their own senses and through the voluntary cooperation of citizens; they may not employ the power or color of their office either expressly or by implication in order to gather evidence or ferret out criminal activity not otherwise observable.
Phoenix, 428 So.2d at 266, n. 2. Thus, these cases are not, as argued by the state both below and here, a separate and distinct issue from the "under color of office" doctrine; rather, they are subject to that doctrine, not immune from it.
AFFIRMED.
POLEN and HAZOURI, JJ., concur.