COPE, J.
Matthew Sanguine entered into a plea bargain wherein he pled nolo contendere to the charge of trafficking in cannabis, reserving his right to appeal the trial court’s denial of his motion to suppress evidence. The question is whether the consent to search by defendant-appellant Sanguine was validly obtained. We conclude that it was.
Officers from the Fort Lauderdale Police Department and the Federal Drug Enforcement Administration (“DEA”) participated in a joint narcotics investigation. They obtained information that the defendant had placed illegal drugs in a warehouse in northern Miami-Dade County. This was within the territorial jurisdiction of the DEA agents but outside the territorial jurisdiction of the Fort Lauderdale officers.
DEA agents detained the defendant at the warehouse. Fort Lauderdale Detective Smith and a DEA agent, Agent Mi-hock, came to that location. The Fort Lauderdale officer and DEA Agent Mi-hock met with the defendant. The Fort Lauderdale officer asked the defendant to consent to a search of his warehouse. When he agreed, the Fort Lauderdale officer asked the defendant to sign the DEA consent-to-search form. The defendant signed the form. A search followed, in which a large quantity of marijuana was seized.
The defendant argues that the consent to search was invalid because the Fort Lauderdale officer was the one who asked the defendant for the consent, and the Fort Lauderdale officer was outside of his territorial jurisdiction. We reject that argument.
The DEA agents were the ones who had detained the defendant. Although the Fort Lauderdale officer was outside of his territorial jurisdiction, he was in the presence of, and cooperating with, DEA Agent Mihock. The DEA agents were within their territorial jurisdiction and were present and active. See State v. Vargas, 667 So.2d 175, 177 (Fla.1995). The defendant’s consent to search was lawfully obtained, and the trial court correctly so concluded.
The defendant relies on State v. Sills, 852 So.2d 390 (Fla. 4th DCA 2003), but that ease is not on point. In that case officers of the city of Coconut Creek left the city and conducted a search within the city of Lauderdale Lakes, without the participation of any Lauderdale Lakes officer. Here, by contrast, the Fort Lauderdale officer was acting jointly with DEA agents who were operating within their territorial jurisdiction.
Affirmed.