CITY OF WAUKESHA, Plaintiff-Respondent,

v.

Gary A. GORZ, Defendant-Appellant.†

Court of Appeals

*No. 91-1404-FT. Submitted on briefs November 18, 1991.—Decided December 18, 1991.*

(Also reported in 479 N.W.2d 221.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Barry S. Cohen* of *William A. Pangman & Associates, S.C.,* of Waukesha.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Karen A. Macherey,* assistant city attorney.

Before Nettesheim, P.J., Brown and Snyder, JJ.

BROWN, J.   Gary A. Gorz appeals his conviction of operating a vehicle while intoxicated. Gorz criticizes the trial court's ruling that although the officer who stopped him was outside his jurisdiction, the officer made a valid citizen's arrest. He argues that the officer failed to make a valid citizen's arrest for two reasons: First, an officer cannot effect a citizen's arrest by using police indicia. Second, an officer cannot effect a citizen's arrest for a traffic offense such as operating while intoxicated. We disagree and affirm.

A town of Brookfield police officer was transporting two persons to a city of Waukesha destination. He was within the Waukesha city limits when he observed an automobile cross the center line several times. The officer stopped the vehicle within the city. At no time did he observe the vehicle in the town of Brookfield. To initiate the stop, the officer activated his squad car lights; he then approached the vehicle dressed in his official uniform. He called for the Waukesha police and detained Gorz until they arrived to take Gorz into custody.

Gorz challenged the stop in a pretrial motion alleging that the officer was without authority to effect a stop outside of his official jurisdiction. The trial court denied the motion and held that the officer made a valid citizen's arrest; it further held that a citizen's stop may be made in such an instance "for any observed violation of the law."

██

Whether a police officer can make a citizen's arrest outside of his or her jurisdiction is a question of law. *State v. Slawek*, 114 Wis. 2d 332, 335, 338 N.W.2d 120, 121 (Ct. App. 1983). Thus, our review is independent and we are not bound by the trial court's decision. *Id.*

██

Gorz initially points out that the officer was acting outside of his official capacity. This is conceded by the state. However, *Slawek* allows police officers to make citizen's arrests outside the officer's jurisdiction. The *Slawek* court noted that, as a general rule, police officers acting outside their jurisdiction do not act in an official capacity and do not have official power to arrest. *Id.* However, under certain circumstances, police officers who venture outside of their territorial jurisdictions remain citizens and may effect valid arrests under cir-

cumstances in which any private citizen could have made them. *Id.* at 337–38, 338 N.W.2d at 122.

Gorz acknowledges *Slawek,* but argues that the circumstances in his case prevent the stop from being justified on citizen's arrest grounds. He first asserts that even if a private citizen would have had authority to stop him, the officer in this case was not dressed like an ordinary citizen and the officer used official equipment not available to the ordinary citizen. Gorz appears to argue that an officer is not an ordinary citizen when any official police indicia are used.

■

His argument is contrary to the facts, if not the spirit, of *Slawek.* In *Slawek,* six on-duty Chicago police officers followed defendants suspected of burglary into Wisconsin. They made citizens' arrests using police procedures such as the drawing of weapons, frisking and handcuffing. We decided that the use of these techniques did not invalidate the arrests. In this case, where the officer engaged only in using his squad car lights and wore a police uniform, we conclude that *Slawek* controls. Police officers may cease to be police officers when they leave their jurisdiction, but they do not cease to be persons. *Id.* at 338, 338 N.W.2d at 122. Even though they are considered as mere persons, they have been trained in criminal law enforcement and have special expertise beyond the normal citizen. It makes no sense that, as citizens, they should be prohibited from using their expertise or the equipment they may properly avail themselves of. We reject Gorz's initial argument.

■

Gorz's second argument is that a citizen's arrest may only be effectuated for a felony or a serious misdemeanor affecting a breach of the peace. For authority, he points to *Slawek* and to *Radloff v. National Food Stores,*

*Inc.,* 20 Wis. 2d 224, 237a, 123 N.W.2d 570, 571 (1963). *Radloff* states that a citizen's arrest is authorized for a misdemeanor committed in the citizen's presence and amounting to a breach of the peace. We agree with Gorz that this is the law and disagree with the trial court's determination that such an arrest can be made for "any observed violation of the law."

Gorz then contends that operating while intoxicated fails to fit within the definition of a misdemeanor amounting to a breach of the peace. He cites *Radloff* for the proposition that such misdemeanors are limited to those "instances where the public security requires it, that is to acts which involve, threaten, or incite violence." *Id.* at 237b, 123 N.W.2d at 571. He concludes that operating while intoxicated does not involve, threaten or incite violence and is therefore outside the scope of a citizen's arrest.

██

We disagree and hold that operating a motor vehicle while intoxicated is an activity which threatens the public security and involves violence. As such, it amounts to a breach of the peace.

Those who drive while under the influence put their own lives plus the lives of those they encounter on the road in serious danger. As early as 1957, the United States Supreme Court recognized that "[t]he increasing slaughter on our highways [caused by intoxicated drivers], most of which should be avoidable, now reaches the astounding figures only heard of on the battlefield." *Breithaupt v. Abram,* 352 U.S. 432, 439 (1957). More recently, the Court commented:

> The situation underlying this case—that of the drunk driver—occurs with tragic frequency on our Nation's highways. The carnage caused by drunk drivers is well documented and needs no detailed recitation

here. This Court, although not having the daily contact with the problem that the state courts have, has repeatedly lamented the tragedy.

*South Dakota v. Neville,* 459 U.S. 553, 558 (1983).

Our supreme court also has acknowledged the nature of driving while intoxicated and the "slaughter" and "carnage" caused. The court stated that driving while intoxicated is an inherently dangerous activity in which it is reasonably foreseeable that it may result in the death of an individual. *State v. Caibaiosai,* 122 Wis. 2d 587, 594, 363 N.W.2d 574, 577 (1985).

A number of cases from other states also support our conclusion that driving while intoxicated is a dangerous and violent act, and thus constitutes a breach of the peace.[1] Representative of these cases is *State v. Jennings,* 176 N.E.2d 304 (Ohio Ct. App. 1959), where the Ohio Court of Appeals stated:

> While an automobile may not be a dangerous instrument per se, however, when it is being operated by one under the influence of intoxicating liquor, it becomes a dangerous instrument, and when so operated, it becomes a public menace and one so operating the motor vehicle is guilty of a breach of the peace.

*Id.* at 307.

Gorz cites only one case that is contrary to the above authority. We adopt the majority position as the

---

[1]*See State v. Jennings,* 176 N.E.2d 304, 307 (Ohio Ct. App. 1959); *City of Troy v. Cummins,* 159 N.E.2d 239, 242 (Ohio Ct. App. 1958); *Romo v. State,* 577 S.W.2d 251, 253 (Texas Crim. App. 1979); *McEathron v. State,* 294 S.W.2d 822, 823 (Texas Crim. App. 1956).

better view. We reject Gorz's two arguments and affirm the trial court.

*By the Court.*—Judgment affirmed.