723 So.2d 842 (1998)
STATE of Florida, Appellant,
v.
Jesse FURR, Appellee.
No. 97-4755.
District Court of Appeal of Florida, First District.
November 10, 1998.
Rehearing Denied January 8, 1999.
*843 Robert Butterworth, Attorney General, and Denise O. Simpson, Assistant Attorney General, Tallahassee, for Appellant.
Nancy Daniels, Public Defender, and Glen P. Gifford, Assistant Public Defender, Tallahassee, for Appellee.
KAHN, J.
The State brings this appeal from an order of the circuit court suppressing appellee's arrest. We reverse because the undisputed evidence demonstrates that the police officer involved in appellee's detention, although outside of his jurisdiction, did not exceed the scope of his authority.
On March 16, 1997, Officer Willie Mitchell was an officer with the Gretna, Florida Police Department, but was not cross sworn as a Gadsden County Sheriff's Deputy. Officer Mitchell's jurisdiction was limited to the city of Gretna. By way of a radio call, Officer Mitchell learned from the Gadsden County Sheriff's Office dispatcher that someone had been seen driving a truck west on U.S. Highway 90 in the east-bound lanes. Officer Mitchell pinpointed the location as three to three-and-one-half miles from Gretna. After receiving the call, Officer Mitchell, in his city police car, headed east on Highway 90 out of the city limits. At a convenience store, two people flagged Officer Mitchell down and told him they had just observed a truck "that was all over the roadway" and "headed west on State Road 12." Officer Mitchell relayed this information to the Gadsden County dispatcher who asked Mitchell to locate the vehicle and get it stopped. As it turned out, Officer Mitchell located the vehicle about one-half mile or one mile west of the Gretna city limits on State Highway 12. The truck crossed the center dividing line four or five times. Mitchell then turned on his blue lights and pulled the truck over. Appellee Jesse Furr emerged from the truck. Furr's behavior and demeanor immediately signaled his state of intoxication. Mitchell held Furr in the back of the patrol car until a state highway patrolman arrived and placed Furr under arrest for driving under the influence (DUI) and driving with a suspended license.
Appellee moved to suppress evidence "of actions by Jesse Furr upon his detention and arrest by Officer Willie Mitchell." The motion argued that Officer Mitchell had "no authority to stop, detain and arrest" Furr, because any alleged crimes were committed outside of the Gretna city limits. The foregoing facts were adduced at an evidentiary hearing on appellee's motion. The circuit court granted the motion to suppress and held in his oral pronouncement that "a patrolman in a patrol car, with blue lights flashing" cannot make a citizen's arrest.
The standard applied to an extra-jurisdictional police arrest is the same as that applied to a citizen's arrest. See State v. Sobrino, 587 So.2d 1347 (Fla. 3d DCA 1991). Because Officer Mitchell was outside his jurisdiction when he stopped appellee, the first *844 issue is whether use of the accouterments of police office, including a patrol car and blue lights, bars a citizen's arrest. This court conducts de novo review of a trial court's application of the law to undisputed facts in a motion to suppress. See Butler v. State, 706 So.2d 100 (Fla. 1st DCA 1998); see also Vaughn v. State, 711 So.2d 64,66 (Fla. 1st DCA 1998)("Review of whether the trial court has applied the correct legal rule is de novo, because application of an incorrect rule is erroneous as a matter of law.") Under Florida law a patrol car with flashing lights does not automatically invalidate a citizen's arrest.
In Phoenix v. State, 455 So.2d 1024, the Florida Supreme Court considered whether an arrest can be validated as a citizen's arrest where (1) the arrest resulted from intentional surveillance by police officers outside their jurisdiction; and (2) the police officers used a marked police car and asserted their official position in stopping the arrestees. 455 So.2d 1024, 1025 (Fla.1984). The court answered each of these questions in the affirmative. In so doing, the court explicated the "color of office" doctrine. Upholding the arrest in Phoenix, our Supreme Court concluded that the "color of office" doctrine "applies only to prevent law enforcement officials from using the powers of their office to observe unlawful activity or gain access to evidence not available to a private citizen." Id. In reaching this holding, the Florida Supreme Court implicitly disapproved an earlier district court of appeal decision holding that a police officer is acting under "color of office" if the officer announces he is a police officer and displays his badge when making an arrest outside his jurisdiction. See State v. Chapman, 376 So.2d 262 (Fla. 3d DCA 1979), cert. denied, 386 So.2d 642 (Fla.1980).
In the present case, Officer Mitchell wore his City of Gretna police uniform, operated a city police cruiser, and used his blue lights to detain Furr. Under Phoenix, however, such actions do not run afoul of the color of law doctrine. The trial court thus erred by holding that a citizens' arrest is void where the officer is in a patrol car and uses flashing lights to detain the arrestee.
The trial court also ruled that Officer Mitchell "did not have any probable cause to believe that (Furr) had committed a felony, so that, along with the color of law issue is where I am hanging my hat." The remaining issue for our determination is, therefore, whether Mitchell had a legal basis to make a citizen's arrest. In Phoenix, the court observed that a private citizen has the common law right to arrest a person who commits a felony in his presence. 455 So.2d at 1025. Driving under the influence, however, is not a felony under Florida law (although Furr was ultimately charged with felony DUI based on five prior DUI convictions).
In Edwards v. State, the court reviewed the legality of a drunk driving arrest by an off-duty city policeman outside his jurisdictional limits. 462 So.2d 581 (Fla. 4th DCA 1985). The court relied upon what it termed the common-law rule that "a private citizen may arrest a person who in the citizen's presence commits a felony or breach of the peace, or a felony having occurred, the citizen believes this person committed it." Id. at 582. Furr does not dispute the Edwards holding, but seeks to distinguish it because in Edwards the defendant not only drove across the highway dividing line, but he also forced approaching vehicles to run off the roadway. Furr essentially argues that the mere act of drunk driving without actually forcing vehicles off the road, or otherwise endangering motorists or pedestrians, is not a breach of the peace. We conclude that Edwards should not be distinguished merely because in that case there were other vehicles on the roadway. The Edwards court characterized the scenario of "a drunk driver at the wheel of a killing machine that is going all over the road and scaring on-coming drivers to death" as an apt illustration of breach of the peace. Id. The court rejected the notion that no breach would occur unless the offending driver progressed from merely scaring other drivers to actually killing them. Id. We similarly reject the notion that appellee's drunk driving on a less-traveled stretch of rural roadway is not a breach of the peace. Other jurisdictions that follow the common-law breach of the peace rule for a citizen's arrest have reached similar results.
*845 According to the Wisconsin Court of Appeals, "operating a motor vehicle while intoxicated is an activity which threatens the public security and involves violence. As such, it amounts to a breach of the peace." City of Waukesha v. Gorz, 166 Wis.2d 243, 479 N.W.2d 221, 223 (1991), rev. denied, 482 N.W.2d 107 (Wis.1992). The Indiana Court of Appeals has agreed, concluding "that a person who operates a motor vehicle while intoxicated commits a breach of the peace, whether such conduct in a particular case consists of actual or threatened violence." State v. Hart, 669 N.E.2d 762, 764 (Ind.App. 1996); see also, State v. McAteer, 511 S.E.2d 79 (S.C.Ct.App.1998) (adopting the City of Waukesha holding that driving under the influence is a crime involving a breach of the peace.)
Here, the trial court erred by concluding that a citizen's arrest is nullified where the officer, acting outside of his jurisdiction, uses a marked police car, and otherwise announces his official position. See Phoenix. The trial court also erred by failing to recognize the legality of a citizen's arrest for a felony or a breach of the peace. See Edwards. We REVERSE the order on appeal and REMAND for further proceedings.
ERVIN and MINER, JJ., concur.