STATE OF WISCONSIN, PLAINTIFF-RESPONDENT,
v.
SHAWN M. KNOX, DEFENDANT-APPELLANT.
No. 03-3058-CR.
Court of Appeals of Wisconsin.
Opinion Filed: April 20, 2004.
¶1 CANE, C.J.[1]
Shawn Knox appeals a judgment of conviction entered on his no contest plea to operating a motor vehicle while intoxicated (OWI), second offense. He claims the trial court erred by concluding his arrest was a lawful citizen's arrest by an officer outside of his jurisdiction. We affirm the judgment.

BACKGROUND
¶2 The parties have stipulated to the facts. On March 29, 2003, officer Lance Weiland, a City of Stanley police officer, noticed a vehicle stopped on a county highway. As Weiland approached, he noticed another vehicle was in the ditch. Weiland parked his vehicle by the vehicle on the road, activated his emergency lights, exited his vehicle, and approached four individuals who were standing by the vehicle parked off the highway to inquire what happened. Weiland later learned the four individuals were Knox (twenty years old), Paul Moser (twenty-one years old), K. S. W. (seventeen years old), and P. T. J. (sixteen years old).[2]
¶3 One individual stated another of the individuals had been driving while talking on his cell phone and lost control of the vehicle. Weiland did not believe this individual, and inquired about what really happened. Moser stated Knox was driving the vehicle when he lost control of it. He said Knox called him and asked if he would help remove the vehicle. Moser said he brought K. S. W. and P.T.J. to help with extracting the vehicle from the ditch. Weiland instructed these three individuals to remove their vehicle from the highway, park it in a nearby driveway and wait there.
¶4 Weiland then asked Knox how his vehicle ended up in the ditch. Knox answered that he drove it in there. Weiland asked if Knox had been drinking, and Knox indicated he had consumed approximately twelve cans of beer that night. Weiland also asked Knox if he had previously been arrested for OWI, and Knox answered that he had. Weiland initiated a pat-down search and then placed Knox in handcuffs. However, unknowing to Weiland, all this occurred outside the city limits.
¶5 Knox was taken to a medical center in Stanley and subjected to a blood draw. The results later indicated Knox had a blood alcohol concentration of.212 g/100 m/L.
¶6 Knox moved to suppress the blood results on the grounds that the officer was outside his jurisdiction, making the arrest illegal. The trial court concluded Weiland made a valid citizen's arrest because Knox may have resumed driving while under the influence. Consequently, the court denied Knox's motion to suppress. He pled no contest to OWI, second offense, and now appeals.

DISCUSSION
¶7 Whether a lawful citizen's arrest occurred is a question of law we review independently. City of Waukesha v. Gorz, 166 Wis. 2d 243, 245, 479 N.W.2d 221 (Ct. App. 1991). Generally, police officers acting outside their jurisdiction do not act in their official capacities and do not have any official power to arrest. State v. Slawek, 114 Wis. 2d 332, 335, 338 N.W.2d 120 (Ct. App. 1983). However, under certain circumstances, police officers may make valid extraterritorial arrests in situations where a private citizen could have made an arrest. See id. at 337-38. When reviewing a police officer's arrest, we review it under an objective standard. State v. Kutz, 2003 WI App 205, ¶12, 267 Wis. 2d 531, 671 N.W.2d 660. Although we could not find any cases stating a similar objective standard for citizen's arrests, it is logical that an objective standard should also apply. See Slawek, 114 Wis. 2d at 335 (phrasing rule in terms of whether a private citizen could have made an arrest.).
¶8 In general, citizens may arrest when a felony or misdemeanor affecting a breach of the peace is committed in their presence. Gorz, 166 Wis. 2d at 246-47. Knox agrees that operating a motor vehicle while intoxicated is a misdemeanor breach of the peace, see id. at 247, but argues his arrest cannot be justified because the crime was not committed in Weiland's presence. See Stittgen v. Rundle, 99 Wis. 78, 79, 74 N.W. 536 (1898). We disagree.
¶9 While a citizen can only arrest for breaches of the peace committed in his or her presence, the right to arrest exists "while [the breach of peace] is continuing, or immediately after it has been committed, or while there is a continuing danger of its renewal." See 5 AM. JUR. 2d Arrest § 57 (1995) (footnotes omitted). Restatement (Second) of Torts § 119(c) is in accord with this rule and provides: "a private person is privileged to arrest another without a warrant for a criminal offense ... if the other, in the presence of the actor, is committing a breach of the peace or, having so committed a breach of the peace, he [or she] is reasonably believed by the actor to be about to renew it." A comment to this section explains this citizen's arrest privilege "was confined in the early English cases to the detention of a person who was breaking the peace in the actor's presence, or was reasonably suspected of intending to renew a breach of the peace so committed." Id. at cmt. n. Thus, while the general rule requires a breach of the peace to be committed in the citizen's presence, an exception to the rule is that a citizen may arrest the actor if the citizen reasonably believes there is continuing danger that actor intends to repeat or resume the breach of the peace recently committed.
¶10 Looking at the facts objectively, a citizen could have placed Knox under citizen's arrest. Given that Knox already admitted he drove his vehicle while intoxicated into the highway's ditch and that he summoned others only to help him remove the vehicle from the ditch (and not to have one of them then drive it to Knox's home), a citizen could have reasonably suspected that there was a continuing danger in that Knox intended to resume driving while intoxicated once the vehicle was extracted from the ditch. Therefore, Weiland acted reasonably by placing Knox under citizen's arrest.
By the Court.  Judgment affirmed.
NOTES
[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2). All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.
[2] The record does not disclose whether the juveniles had driver's licenses.