WHATLEY, Judge.
 

 The State of Florida appeals an order granting Michael Price’s motion to suppress, which found that the stop of Price’s ear was improper. We conclude that Price’s car was lawfully stopped even though the officer was outside of his jurisdiction when the stop was conducted and reverse.
 

 Price was charged with possession of a firearm by a convicted felon, possession of ammunition by a convicted felon, and driving under the influence of alcohol. At the hearing on Price’s motion to suppress, Officer Michael Coss with the North Port Police Department testified that on September 21, 2010, he had been working at the Sarasota County Jail on an unrelated case when he encountered Price’s car on his way home. Officer Coss was wearing his police uniform and was driving an unmarked patrol car. He first noticed Price’s car when it was on the ramp to get on Interstate 75. Price’s car made a wide turn, drifting off to the left of the white line. Price’s car sped up to approximately eighty miles an hour when it got on the interstate, but it then began to slow down, speed up, and slow down again. The car drifted between lanes and when the southbound lanes narrowed from three lanes to two lanes, Price continued in the third lane as it was coming to an end and then changed lanes in front of a semi-truck, causing the driver of the truck to take evasive action and blow his horn. A few moments later, Price’s vehicle swerved off to the right of the fog line and came within a foot of striking a bridge.
 

 Officer Coss asked his dispatch to determine if a highway patrol officer or sheriffs deputy was available to stop Price’s car, but no one from either agency was available. Officer Coss then decided to stop Price’s car because he was concerned that Price was driving under the influence and he would cause an accident, hurting himself or someone else. Price’s car was stopped about five miles away from North Port. Officer Coss approached Price’s car and asked him to keep his hands on the steering wheel until deputies from the sheriffs office arrived and took over the investigation.
 

 At the hearing on the motion to suppress, defense counsel erroneously argued that the “under color of office” doctrine applied because Officer Coss was not on the same footing as a person making a citizen’s arrest since he was able to stop Price’s car using his car’s patrol lights and
 
 *530
 
 he identified himself as a police officer when he approached Price’s car. In granting Price’s motion to suppress, it appears that the trial court similarly misapplied the “under color of office” doctrine.
 

 As noted by the Florida Supreme Court, law enforcement officials have the same ability to make an arrest as does a private citizen when they are outside their jurisdiction, but law enforcement officials outside their jurisdiction do not have superior power of arrest than private citizens.
 
 Phoenix v. State,
 
 455 So.2d 1024, 1025 (Fla.1984). The supreme court further noted that the “under color of office” doctrine pertains “only to prevent law enforcement officials from using the powers of their office to observe unlawful activity or gain access to evidence not available to a private citizen.”
 
 Id.; see also San-Martin v. State,
 
 562 So.2d 776, 777-78 (Fla. 2d DCA 1990) (“[T]he mere fact that an officer acts like a police officer in making an arrest outside of his geographical jurisdiction does not mean that he is improperly acting under the color of his office.”). Here, the activity observed by Officer Coss, Price’s driving, could be observed by any private citizen driving on the interstate. Therefore, the “under color of office” doctrine does not apply.
 

 This case is similar to
 
 Edwards v. State,
 
 462 So.2d 581, 582 (Fla. 4th DCA 1985), in which the Fourth District noted that “at common law, a private citizen may arrest a person who in the citizen’s presence commits a felony or breach of the peace, or a felony having occurred, the citizen believes this person committed it.” In
 
 Edwards,
 
 the court held that the appellant’s conduct amounted to a breach of the peace where he was driving his pickup truck in a dangerous fashion.
 
 Id.
 
 In that case, an off-duty officer followed the appellant for about five miles and observed his truck cross the center line three to seven times, which caused approaching drivers to run onto the berm, and also observed the appellant’s truck come close to hitting a bridge abutment.
 
 Id.
 
 The officer approached the appellant after the stop and detained him.
 
 Id.
 
 The
 
 Edwards
 
 court held that the stop of the appellant’s car was lawful and the court noted that the off-duty officer’s identification of himself as such and his offer to show the appellant his badge did not amount to acting under color of office.
 
 Id.
 

 Similarly in
 
 State v. Furr,
 
 723 So.2d 842, 843 (Fla. 1st DCA 1998), a law enforcement officer stopped the appellee’s truck outside of the officer’s jurisdiction after the officer saw the truck cross the center dividing line four or five times. The appel-lee, who appeared to be intoxicated, got out of the truck and the officer detained him until a state highway patrolman arrived.
 
 Id.
 
 The First District held that the trial court erred in granting the appellee’s motion to suppress and in finding that “a citizen’s arrest is nullified where the officer, acting outside of his jurisdiction, uses a marked police car, and otherwise announces his official position.”
 
 Id.
 
 at 845. The First District recognized that the “col- or of office” doctrine prevents law enforcement from using their official powers to acquire access to evidence not available to a private citizen or to view unlawful activity, but it did not prevent the officer in that case from stopping the appellee while wearing his police uniform, operating a police cruiser, and using the car’s blue lights.
 
 Id.
 
 at 844. As in
 
 Edwards,
 
 the
 
 Fwt
 
 court concluded that the officer could arrest the appellee outside of his jurisdiction because the appellee’s drunk driving amounted to a breach of the peace.
 
 Id.; see State v. Phoenix,
 
 428 So.2d 262, 266 (Fla. 4th DCA 1982) (“When officers outside their jurisdiction have sufficient grounds to make a valid citizen’s arrest,
 
 *531
 
 the law should not require them to discard the indicia of their position before chasing and arresting a fleeing felon”). In the present case, Officer Coss could properly make a citizen’s stop of Price’s car using the patrol car’s lights and he could properly detain Price while wearing his police uniform, as neither of these actions violated the “color of office” doctrine.
 

 Accordingly, we reverse and remand for proceedings consistent with this opinion.
 

 NORTHCUTT and WALLACE, JJ., Concur.