CIKLIN, C.J.
Following the entry of a plea of no contest with a reservation of rights, Luis Mattos appeals the trial court’s denial of his motion to suppress. We find that the trial court erred in failing to suppress a portion of the evidence. Accordingly, we affirm in part, reverse in part, and remand for further proceedings.
The state charged Mattos with felony driving under the influence based on his prior DUI convictions. Mattos moved to suppress “all written and oral statements made by the accused to the police or other state agents” and to “any person whatsoever,” arguing that the officer was outside of his jurisdiction when he arrested Mat-tos.
During a hearing on the motion, the state presented the testimony of Officer Andrew Pedrero of the Miramar Police Department. The testimony revealed the following. Pedrero encountered Mattos at about 11:00 a.m., when he was dispatched to 69th Avenue and Pembroke Road in reference to a driver passed out behind the wheel of a vehicle. The eastbound lanes of Pembroke Road at that location he within the boundaries of the city of Miramar, while the westbound lanes are in the city of Pembroke Pines. Pedrero’s department has a “mutual aid agreement” with the Pembroke Pines Police Department, but— of particular importance — Officer Pedrero had no knowledge and was unaware as to any of the terms of the mutual aid agreement.
Upon his arrival, Pedrero observed Mat-tos’ vehicle idling in the middle lane of the three westbound lanes of Pembroke Road. The vehicle was “on the Pembroke Pines side of the border,” and facing west. There were other vehicles traveling on the road, and Mattos’ vehicle posed a danger to other drivers. Pedrero parked behind Mattos’ vehicle and activated his emergency lights “[t]o keep people from hitting” him.
Both the front windows of Mattos’ vehicle were rolled down, and Mattos was passed out in the driver’s seat “with the ignition on and the vehicle in drive with his foot on the brake.” A passenger was also passed out. Pedrero reached into the vehicle, put it into park, and turned the ignition off. Mattos was still sleeping, and Pedrero tapped him and yelled at him to wake up. Mattos roused, and an odor of alcohol wafted in Pedrero’s direction as the two men conversed. Mattos told Pedrero he was going to the Hard Rock or the Mardi Gras Casino, but Pedrero knew those establishments were located east, and Mattos was headed west. Pedrero observed Mattos’ bloodshot and glassy eyes.
*419 Rescue units arrived and the responders spoke to Mattos and the passenger. Upon their departure, Officer Pedrero directed Mattos to exit the vehicle. Mattos was unsteady as he walked toward the sidewalk, and he was confused, asking Pedrero repeatedly why he had been stopped. Officer Pedrero notified the Pembroke Pines Police Department of the situation, but officers were attending to a robbery and could not respond. Mattos declined Officer Pedrero’s request that he submit to field sobriety tests. Pedrero transported Mattos to a breath alcohol testing (“BAT”) facility, where Mattos refused to give a breath sample.
The trial court denied the motion, finding that there was a breach of the peace, which would give rise to an exception to the rule that a law enforcement officer may not make an arrest outside of his jurisdiction.
On appeal, Mattos argues that Officer Pedrero did not have the authority to stop and arrest him for a misdemeanor committed outside of the officer’s jurisdiction when the officer did not observe a driving pattern that constituted a breach of the peace. He further contends that even if his stationary vehicle constituted a breach of the peace, Officer Pedrero could detain him but could not conduct a DUI investigation. Mattos also argues that there was no probable cause to support a DUI arrest.
“The standard of review applicable to a motion to suppress evidence requires that this Court defer to the trial court’s factual findings but review legal conclusions de novo.” Backus v. State, 864 So.2d 1158, 1159 (Fla. 4th DCA 2008) (citation omitted).
We first address Mattos’ contention that Officer Pedrero did not have authority to stop and arrest outside of his jurisdiction. “As a general principle, public officers of a county or municipality have no official power to arrest an offender outside the boundaries of their county or municipality.” State v. Phoenix, 428 So.2d 262, 265 (Fla. 4th DCA 1982) (emphasis in original) (citation omitted). That being said, “law enforcement officials have the same ability to make an arrest as does a private citizen when they are outside their jurisdiction, but law enforcement officials outside their jurisdiction do not have superior power of arrest than private citizens.” State v. Price, 74 So.3d 528, 530 (Fla. 2d DCA 2011) (citing Phoenix v. State, 455 So.2d 1024, 1025 (Fla.1984)).
“At common law, a private citizen may arrest a person who in the citizen’s presence commits a felony or breach of the peace[.]” Edwards v. State, 462 So.2d 581, 582 (Fla. 4th DCA 1985) (citations omitted). Additionally, an officer may arrest an offender outside his jurisdiction “when two enforcement agencies entered into a mutual aid agreement that permits the extraterritorial conduct by the outside police municipality.” Daniel v. State, 20 So.3d 1008, 1011 (Fla. 4th DCA 2009).
This power, however, “is circumscribed by the ‘under color of office’ doctrine.” Phoenix, 428 So.2d at 266. “[T]he ‘under color of office’ doctrine pertains ‘only to prevent law enforcement officials from using the powers of their office to observe unlawful activity or gain access to evidence not available to a private citizen.’” Price, 74 So.3d at 530 (quoting Phoenix, 455 So.2d at 1025). The doctrine should be “viewed as a limitation on the power of police to conduct investigations and to gather evidence outside their jurisdiction.” Phoenix, 428 So.2d at 266. “[W]hen officers unlawfully assert official authority, either expressly or implicitly, in order to gain access to evidence, that evi *420 dence must be suppressed.” Id. (citations omitted). However, “this doctrine does not prevent officers from making an otherwise valid citizen’s arrest just because they happen to be in uniform or otherwise clothed with the indicia of their position when making the arrest.” Id.
In the instant case, Officer Pedrero detained and arrested Mattos for DUI, a misdemeanor.[1] Although Officer Pedrero testified that the Miramar and Pembroke Pines Police Departments had a mutual aid agreement, he was completely unaware of the contents of the agreement and the state failed to introduce into evidence a copy of any such agreement. Thus, that exception to the general rule barring extraterritorial arrests does not apply in that the state failed to present any competent evidence as to the substance of the mutual aid agreement between the two cities.
The pivotal issues then before us are whether Mattos’ conduct amounted to a breach of the peace, giving Officer Pedrero grounds to effect a citizen’s arrest, and whether the officer, at any point, acted under color of law rather than as a private citizen.
“ ‘Breach of the peace’ is a generic term including all violations of the public peace, order or decorum. 11 C.J.S. Breach of the Peace § 1 (1938). A breach of the peace includes the violation of any law enacted to preserve peace and good order.” Edwards, 462 So.2d at 583 (emphasis in original) (quoting B.A.A. v. State, 333 So.2d 552, 554 (Fla. 3d DCA 1976)). In Edwards, this court found that the defendant’s erratic driving, which forced other drivers off the road, was a breach of the peace. Id. at 582-83. Judge Glickstein observed that physical harm is not an element of breach of the peace:
We cannot think of a more apt illustration of such breach of the individual and collective peace of the people in Okeechobee County than to have a drunk driver at the wheel of a killing machine that is going all over the road and s'ear-ing oncoming drivers to death rather than killing them. What is petitioner’s view of a breach of the peace? Is it that the drivers of the oncoming vehicles who were forced onto the b’erm should have been forced completely off the road or actually hit? '
Id. In a subsequent case, an appellant sought to distinguish Edwards, arguing that “the mere act of drunk driving without actually forcing vehicles off the road, or otherwise endangering motorists or pedestrians, is not a breach of the peace.” State v. Furr, 723 So.2d 842, 844 (Fla. 1st DCA 1998). The court rejected the argument, noting that other jurisdictions that follow the common-law breach of the peace rule for a citizen’s arrest have found that operating a motor vehicle while intoxicated constitutes a breach of the peace. Id. at 844-45 (citations omitted).
Thus, we find that Officer Pedrero observed a breach of the peace. Mattos was found passed out in the driver’s seat of a vehicle that was stopped in the middle of traffic. The passenger was also passed out. The car was in drive and Mattos’ foot was on the brake. Mattos emanated the odor of alcohol. It strains credulity to assert that these circumstances did not pose a threat to the safety and order of the public.
We do, however, agree that Officer Pedrero acted under color of law when he began conducting a DUI investigation. Indeed, a private citizen would not have been permitted to lawfully administer a breathalyzer test and conduct field sobri *421 ety exercises. This court has recognized that if an officer gains access to evidence using the powers of his office, he has acted under color of law. See State v. Sills, 852 So.2d 390, 398 (Fla. 4th DCA 2003). By merely approaching Mattos in uniform, and after activating the police car’s emergency lights, Officer Pedrero was not acting under color of law. See Furr, 723 So.2d at 844. (recognizing that an officer does not “run afoul of the color of law doctrine” by detaining a person while wearing a police uniform, operating a. police cruiser, and activating the blue lights). However, once Officer Pedrero attempted to have him submit to a breathalyzer and perform field sobriety exercises, he was seeking evidence only available to him in his capacity of a law enforcement officer.
Mattos also argues that Officer Pedrero lacked probable cause to arrest, but this argument is misplaced. Because Officer Pedrero observed a breach of the peace, probable cause was not necessary to effect a citizen’s arrest of Mattos.
In sum, the trial court erred in denying the motion to suppress, but- only with respect to the evidence gathered by Officer Pedrero once he began acting under color of law, i.e., when he asked Mattos to submit to a breathalyzer, transported him to the BAT station, and requested him to perform field sobriety exercises.
Mattos requests a discharge on remand, but we decline to do so. The state stipulated that the ruling was dispos-itive, apparently operating under a good faith belief that a ruling granting the motion would have been dispositive.[2] Normally, when an appellate court finds that a trial court erred in not suppressing evidence, and the ruling is deemed disposi-tive, we reverse and remand for discharge of the defendant. See, e.g., Shingles v. State, 872 So.2d 434, 436 (Fla. 4th DCA 2004); L.D. v. State, 770 So.2d 164, 167 (Fla. 4th DCA 2000). Here, however, we are affirming in part and thus under these unique circumstances, we remand for further proceedings. See Mullis v. State, 79 So.3d 747, 754 (Fla. 2d DCA 2011) (remanding for further proceedings where the court reversed in part the circuit court’s ruling on the motion to suppress). On remand, Mattos shall be given the opportunity to withdraw his plea. See Ruilova v. State, 125 So.3d 991, 995 (Fla. 2d DCA 2013); Mullis, 79 So.3d at 754. Any arguments not addressed in our opinion are without merit.

Affirmed in part, reversed in part, and remanded for further proceedings.

LEVINE and FORST, JJ., concur.

. Mattos was ultimately charged with felony DUI.

. Because it appears the parties stipulated, in good faith, to the dispositiveness of the trial court’s ruling, we have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.140(b)(2)(A)(i). See White v. State, 830 So.2d 944, 944 (Fla. 4th DCA 2002) (recognizing that a stipulation to dispositiveness can confer jurisdiction).